IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| REGINALD L. LEE, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-12-2418 |
| MAYOR AND CITY COUNCIL OF BALTIMORE, ett al., | * | |
| | * | |
| Defendants | | |
| | *** | |

**MEMORANDUM**

The above-captioned case was filed on August 14, 2012, together with a motion to proceed in forma pauperis. Because he appears to be indigent, plaintiff's motion shall be granted.

Plaintiff states his claim, arising out of tax liens and foreclosure proceedings, has been litigated in the courts of Maryland. ECF No. 1. Dissatisfied with the results of those proceedings he seeks damages. *Id*. This court must abstain from entertaining the claims raised in the complaint.  "Under the *Rooker-Feldman*[1] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *American Reliable Insurance v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).  The *Rooker-Feldman* doctrine is jurisdictional and, as such,  this court is free to raise it *sua sponte*.  *See Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 197

---

[1] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416  (1923).

n.5 (4th Cir.1997).   Accordingly, the complaint must be dismissed by separate order which follows.[2]


DATED this 14th day of September, 2012.

                                                    BY THE COURT:

                                                    _____/s/_____
                                                    James K. Bredar
                                                    United States District Judge

---

[2] The court also notes that plaintiff has invoked the court's jurisdiction under 42 U.S.C. §1983. In order to successfully assert a claim of constitutional rights violation, the defendant must be a state actor. Specifically, the persons charged with the civil rights violation must be a state official; someone who has acted with a state official; someone who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state. The allegations against Jay Dackman, Anthony DeLaurentis, William M. O'Connell, John K. Reiff, John Turner, Jack Reid, Ron Sroka, Benjamin Zajdel, Stanley Alpert, Heidi S. Kenny, Karen M. Authement and A.J. Billig Auctioneers do not demonstrate that any of these named defendants were state actors.  In limited circumstances, however, seemingly private conduct can be the subject of a §1983 suit.  "[W]e have recognized four exclusive circumstances under which a private party can be deemed to be a state actor:  (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999).  None of the acts or conduct alleged in the complaint fall within the four categories of conduct attributable to the state. "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993).  The complaint must be dismissed.